# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 16, 2023

Kevin H. Davenport
Eric J. Juray
John G. Day
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Aaron E. Moore
Kevin J. Connors
Marshall Dennehy Warner Coleman &
Goggin, P.C.
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19801

Re:   *Park G.P., Inc. et al. v. CCSB Fin. Corp.,*
      C.A. No. 2022-0657-KSJM

Dear Counsel:

Pursuant to the status quo order entered on December 19, 2022 (the "Status Quo Order"), the plaintiffs filed a notice describing certain actions undertaken at a January 27, 2023 meeting of the Board of Directors (the "Notice").[1]  On February 3, 2023, the defendant objected to two of these actions on the grounds that they violated the Status Quo Order.[2]  The parties completed briefing on the defendant's objections shortly thereafter.[3]  This letter constitutes my decision on the objections.

---

[1] C.A. No. 2022-0657-KSJM, Docket ("Dkt.") 39 (Pls.' Notice Dated January 30, 2023); Dkt. 40 ("Def.'s Objs."); Dkt. 37 (December 19, 2022 Status Quo Order) [hereinafter, "SQO"].  Undefined terms in this letter have the same meaning ascribed to them in the court's post-trial memorandum opinion in C.A. No. 2021-0173-KSJM. *See Park G.P., Inc. v. CCSB Fin. Corp.*, 2022 WL 1751741 (Del. Ch. May 31, 2022).

[2] Def.'s Objs.

[3] *See id.*; Dkt. 41 (Pls.' Opposition); Dkt. 42 (Def.'s Reply Br.).

The defendant objects to two Board actions identified in the Notice: first, the Board's decision to replace corporate counsel of the Company and its wholly owned Bank subsidiary; and second, the Board's decision to designate certain persons as Bank directors.[4] The defendant argues that these actions are "Prohibited Actions" under Paragraphs 2, 3, and 3(b) of the Status Quo Order, which provide as follows:

> 2.     If any party to this action objects during the Notice Period, the Prohibited Action cannot be effected without (i) the unanimous approval of CCSB's board of directors or (ii) the approval of the Court.
>
> 3.     For purposes of this Order, a Prohibited Action shall consist of . . . (b) making, committing, or causing CCSB or its subsidiaries to make or commit to, any agreements or contract, other than those required in the ordinary course of business operations and which do not effect a significant change in the business operation of CCSB or its subsidiaries[.][5]

The defendant's first objection is without merit. The defendant does not object to the Board's replacement of corporate counsel *per se*. The defendant admits that the Board has the authority to appoint new counsel under the terms of the Status Quo Order.[6] It argues, however, that the Board selected the wrong replacement counsel, claiming new counsel is inexperienced and conflicted by her engagement at a law firm that represents the

---

[4] *See* Defs.' Objs. ¶¶ 4–5.

[5] SQO ¶¶ 2–3, 3(b).

[6] *See* Defs.' Objs. ¶ 8 ("The SLC's objection to the replacement of outside corporate/regulatory counsel is not necessarily *that* the Park Directors seek to replace Stephanie Kalahurka, longtime outside corporate and regulatory counsel to CCSB and the Bank. The SLC's objection is *who* the Park Directors purport to replace Ms. Kalahurka with.") (emphasis in original).

plaintiffs in this action.[7]  But either a decision to replace counsel falls outside the ordinary course of business under the Status Quo Order, or it does not.  Having conceded that hiring counsel is within the ordinary course of business, the defendant may not use the Status Quo Order to second-guess Board decisions.

The defendant's second objection has merit.  The replacement of a majority of the Bank board is a Prohibited Action.  The plaintiffs have not demonstrated that these personnel changes were required in the ordinary course of business.  The changes furthermore "effect a significant change in the business operation of CCSB or its subsidiaries[.]"[8]  They therefore violate Paragraph 3(b) of the Status Quo Order.

In sum, the first objection is overruled.  The second objection is sustained.  CCSB shall conform its conduct to this decision.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[7] *See id.* ¶¶ 9–13.

[8] SQO ¶ 3(b).